ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IVONNE PÉREZ MARTÍNEZ<br><br>Recurrida<br><br>v.<br><br>RENÉ FLORES ACUÑA, DANERIS FERNÁNDEZ GERENA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | TA2025CE00083 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número:<br>F AC2016-0738<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Álvarez Esnard, la Jueza Prats Palerm y el Juez José I. Campos Pérez[1]

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de julio de 2025.

Comparecen René Flores Acuña, Daneris Fernández Gerena y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Flores-Fernández" o "Peticionarios") mediante *Petición de Certiorari* y nos solicitan la revisión tres (3) dictámenes emitidos el 28 de mayo de 2025 y notificados el 6 y 12 de junio de 2025. En virtud de los referidos dictámenes, el TPI ordenó la ejecución de una Sentencia final y firme. Ante ello, el foro de instancia emitió una orden de prohibición de enajenar y les ordenó a las partes a ejecutar un contrato de compraventa dentro del término de treinta (30) días.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado. Como consecuencia, se declara No Ha Lugar la *Urgente Solicitud de Paralización y en Auxilio de Jurisdicción.*

---

[1] Mediante Orden Administrativa OATA-2025-135, se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Maritere Brignoni Mártir.

**I.**

El 14 de abril de 2016, Ivonne Pérez Martínez ("señora Pérez Martínez" o "Recurrida") instó una *Demanda* sobre incumplimiento de contrato, resolución de contrato de compraventa y cobro de dinero en contra del matrimonio Flores-Fernández. Adujo que las partes habían llegado a un acuerdo, en virtud del cual los peticionarios se obligaron a venderle un bien inmueble ubicado en la Urbanización Andrea´s Court del municipio de Trujillo Alto. No obstante, sostuvo que el matrimonio Flores-Fernández incumplió con el acuerdo, al negarse a realizar el traspaso de la titularidad de la propiedad, a pesar de haber realizado los pagos acordados hasta la cantidad de $210,000.00. Como corolario, la señora Pérez Martínez solicitó la recisión del contrato, más la concesión de una indemnización por concepto de los daños y perjuicios sufridos. En la alternativa, peticionó que se ordenara a los peticionarios al cumplimiento específico del contrato.

Tras varias instancias procesales, las cuales no son necesarias pormenorizar, el 12 de noviembre de 2020, notificada el 25 de noviembre de 2020, el foro de instancia dictó una *Sentencia*. Mediante el aludido dictamen, declaró Ha Lugar la reclamación instada por la recurrida. Asimismo, determinó que la señora Pérez Martínez ya había pagado $210,000.00 de la cantidad acordada de $385,000.00. En virtud de ello, ordenó la resolución del contrato de compraventa. A su vez, ordenó el desahucio de la recurrida de la propiedad. El 27 de mayo de 2021, notificada el 2 de junio de 2021, el TPI dictó una *Sentencia Nunc Pro Tunc*, a los efectos únicos de corregir un error de forma.

Posteriormente, la referida determinación fue modificada por un Panel Hermano mediante *Sentencia* emitida el 12 de mayo de 2023, a los efectos de establecer que la señora Pérez Martínez no debía pagarle al matrimonio Flores-Fernández por el tiempo que había ocupado la propiedad. Concluyó, además, que, en virtud del contrato de compraventa, la recurrida poseía la propiedad con la anuencia de los peticionarios. Así

modificada, esta Curia confirmó la *Sentencia* dictada en el 2020, la cual advino final y firme.

Siendo así, el 29 de enero de 2024, la señora Pérez Martínez presentó una *Moción de Ejecución de Sentencia al Amparo de la Regla 51.3 de Procedimiento Civil y en Solicitud de que se Ordene la Compraventa de la Propiedad; o, en la Alternativa, Solicitud de Resolución de Contrato y de Devolución de Prestaciones*. Adujo que, ante el hecho de que la Sentencia había advenido final y firme, procedía que se ordenara el cumplimiento específico de la determinación, a saber, que se les ordenara a las partes a ejecutar el contrato de compraventa correspondiente. Por el contrario, sostuvo que procedía la devolución de los $210,000.00 ya pagados a los peticionarios.

El 30 de enero de 2024, el matrimonio Flores-Fernández notificó su *Oposición a Moción de Ejecución de Sentencia*. Arguyeron que, según la Sentencia, el remedio concedido por el foro de instancia era la resolución del contrato de compraventa.

En respuesta, el 1 de febrero de 2024, la señora Pérez Martínez instó una *Réplica a Oposición a Moción de Ejecución de Sentencia y Solicitud de Prohibición de Enajenación.*

Por otra parte, el 15 de febrero de 2024, los peticionarios presentaron una *Solicitud de Lanzamiento*. Manifestaron que, toda vez que la *Sentencia* del 2020 había ordenado el desahucio de la señora Pérez Martínez, procedía que se ordenara su lanzamiento de la propiedad.

El 27 de febrero de 2024, la recurrida notificó su *Oposición a "Solicitud de Lanzamiento"*. Arguyó que, según la *Sentencia* emitida por este foro apelativo intermedio, ocupaba el inmueble con la anuencia del matrimonio Flores-Fernández en virtud del contrato de compraventa. Siendo así, sostuvo que, como los desahucios solo proceden cuando se ostenta ilegalmente la posesión de una propiedad, lo solicitado por los peticionarios era improcedente.

Consecuentemente, 29 de febrero de 2024, el matrimonio Flores-Fernández instó una *Réplica a Oposición a Solicitud de Lanzamiento*. El 13 de marzo de 2024, la señora Pérez Martínez presentó una *Dúplica a Réplica a Oposición A Solicitud de Lanzamiento*.

Aquilatados los múltiples escritos de las partes, el 16 de julio de 2024, notificada el 18 de julio de 2024, el TPI dictó una *Resolución y Orden*. Atinente a la controversia ante nos, les ordenó a las partes a que, en un término de sesenta (60) días, ejecutaran el contrato de compraventa. Añadió que, en aras a que el precio acordado era de $385,000.00, que la recurrida había ya pagado la cantidad de $210,000.00 y que había impuesto costas por la cantidad de $3,102.00, la cantidad que restaba pagar era de $171,898.00. Destacó, además, que la determinación de esta Curia había dejado sin efecto la orden de desahucio emitida mediante la *Sentencia Nunc Pro Tunc*. Asimismo, dictó una orden de prohibición de enajenar, dirigida a los peticionarios.

Inconformes, el 1 de agosto de 2024, el matrimonio Flores-Fernández presentó una *Solicitud de Reconsideración sobre la Resolución y Orden dictada el 16 de julio de 2024*. Por su parte, el 26 de agosto de 2024, la señora Pérez Martínez instó su *Oposición A Solicitud de Reconsideración y Notificación de Disponibilidad de Fondos para Completar la Transacción de Compraventa*.

El 11 de diciembre de 2024, se celebró una vista argumentativa sobre la solicitud de reconsideración. Posteriormente, el 21 de abril de 2025, la recurrida presentó una *Solicitud de Adjudicación de Solicitud de Reconsideración presentada por los Demandados*.

Finalmente, el 28 de mayo de 2025, notificada el 4 de junio de 2025, el foro de instancia dictaminó una *Resolución* mediante la cual denegó la solicitud de reconsideración peticionada por el matrimonio Flores-Fernández. Ese mismo día, notificada el 12 de junio de 2025, emitió una *Orden de Ejecución de Sentencia*, en virtud de la cual les concedió treinta

(30) días a las partes para ejecutar el contrato de compraventa. Además, en la misma fecha, dictó una *Orden de Prohibición de Enajenar*.

Insatisfechos con las tres (3) determinaciones emitidas el 28 de mayo de 2025, el 4 de julio de 2025, el matrimonio Flores-Fernández acudió ante esta Curia mediante *Petición de Certiorari*. Los peticionarios realizaron los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR UN REMEDIO DE CARÁCTER PERMANENTE MEDIANTE LA APLICACIÓN DE LAS NORMAS PROCESALES QUE RIGEN LOS REMEDIOS PROVISIONALES.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL ORDENAR EL CUMPLIMIENTO ESPECÍFICO DEL CONTRATO DE COMPRAVENTA, CUANDO LA DEMANDANTE SE ENCUENTRA EN INCUMPLIMIENTO DE SUS OBLIGACIONES CONTRACTUALES.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL ORDENAR LA DEVOLUCIÓN DE LAS PRESTACIONES MUTUAS CUANDO DETERMINO MEDIANTE SENTENCIA LA RESOLUCIÓN DE LAS OBLIGACIONES CONTRACTUALES Y NO LA RESCISIÓN.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL ORDENAR LA PROHIBICIÓN DE ENAJENAR EL BIEN INMUEBLE OBJETO DEL PRESENTE LITIGIO SIN EXISTIR INTERÉS PROPIETARIO NI DEUDA LÍQUIDA, VENCIDA Y EXIGIBLE.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR NO HA LUGAR EL LANZAMIENTO SOLICITADO POR LOS DEMANDADOS PORQUE ENTIENDE "QUE NUESTRA ORDEN DE DESAHUCIO QUEDÓ REVOCADA POR EL DICTAMEN DEL TA".**

En esa misma fecha, instaron una *Urgente Solicitud de Paralización y en Auxilio de Jurisdicción*. Por su parte, el 11 de julio de 2025, el matrimonio Flores-Fernández presentó su oposición al auxilio de jurisdicción y a la expedición del auto de *certiorari*, respectivamente. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

> Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio,

parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

En el presente recurso, el matrimonio Flores-Fernández nos solicita dejar sin efecto una orden para ejecutar una sentencia que advino final y firme. Sostienen que, de lo contrario, la disposición de la propiedad agravaría el perjuicio sufrido por los demandados, quienes han sido privados de su uso.

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado. Consecuentemente, se declara No Ha Lugar la *Urgente Solicitud de Paralización y en Auxilio de Jurisdicción*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones